We'll hear the next case. The next case on the calendar is Patel v. Barr. Good morning. Ann Dobler for the petitioner. May it please the court, Mr. Patel was served with notice by the government that the officer found his testimony credible, found he had established a reasonable possibility of showing past persecution on account of his political opinion, but that he would be denied an opportunity for a full withholding only hearing because his well-founded fear can be rebutted because he is able to internally relocate in India in order to avoid future persecution. The notice to Mr. Patel also provided that he could be represented by an attorney or seek the advice of a non-attorney consultant and was provided the list of free legal service providers. The notice also ordered him to appear at a date to be determined and a time to be determined. Finally, the notice advised him that the court had been provided with no documentation from the asylum officer as none of the check marks in the boxes as to what was provided to the court was checked. During Ferdinand's life, if he was returned to India, Mr. Patel retained an attorney to represent him before the court. When his court date finally arrived, he appeared with his attorney ready to proceed on the first date of court as scheduled. At the hearing, Mr. Patel was told he would have to represent himself and would only be allowed to have an advisor. His attorney would not even be allowed to participate in the identification and marking of exhibits for the record, which the respondent was unable to read as they were in English. Mr. Patel was told by the judge he would accept no evidence at the start of proceedings as she was conducting a review of the asylum officer's decision. She deprived counsel of the opportunity to develop the record. BIJ did not further inquire of Mr. Patel if he would be safe in a particular internal location in India. She did not inquire of the respondent as to any of the factors on internal relocation provided for by regulation, and neither did the asylum officer. It is unclear how the asylum officer or the IJ or this court can review the internal relocation issue in the absence of a factual record addressing the reasonableness prong. Mr. Patel was denied the procedure afforded by the statute and regulation, and his petition should be granted on that. Can I ask you a preliminary question just before we get to these issues? So on our jurisdiction, we have jurisdiction to hear cases involving petitions for review of a final order of removal, but you have filed a petition for review and you say that you're appealing from the order of the immigration judge concurring in the asylum officer's reasonable  That's not a final order of removal. So why do we have jurisdiction in this case? Your Honor, the final order of removal, and I believe there are previous decisions from this circuit indicating that an individual, the removal order is reinstated, and if there is a referral for a reasonable fair process, that whenever that reasonable fair process is completed, there's 30 days to file a petition for review begins to run at that point in time, and that's the final order of removal. But so why is that? So, I mean, since you filed your brief, actually, the Supreme Court has told us in Nasrallah v. Barr that a determination on a cat claim, and same logic would seem to apply to withholding of removal, is not the same thing as a final order of removal. It's not merged with a final order of removal. It can only be reviewed if it's done alongside a final order of removal. So what is the, so your argument would be the reinstatement somehow functions as a final order of removal, and it somehow isn't final until the withholding screening is done. But it seems to me that what Supreme Court said in Nasrallah precludes that argument, doesn't it? I mean, don't we have to say that the withholding and cat orders are different from the final order of removal? I would disagree, Your Honor. I would say that Congress instituted a process to expand reinstatement of removal, and in the context of changing how that process, the reinstatement process, works and expanding it to a wider group of people, Congress also recognized that individuals have a non-discretionary right to protection under withholding and cat claims, and that there needs to be a process In this process for reinstatement of removal, Congress specifically said that an alien who has their order of removal reinstated doesn't get to challenge the order of removal and isn't eligible to apply for any other relief. So how do you get from that that Congress would have wanted more judicial review if it specifically, if Congress specifically said there shouldn't be judicial review of the reinstated order of removal? Your Honor, this isn't judicial review of the reinstated order. This is encouraged judicial review of the withholding and cat process that are part of the final order of removal. Respondent isn't challenging the process for the reinstatement. I'm sorry. You just said this is not review of the order of removal, but it's review of withholding and cat that are part of the order of removal, but those two things don't seem consistent. I'm sorry. You're on the track. So if we're not reviewing the order of removal, how are, how is this part of the order of removal? Your Honor, the court has authority to review final orders of removal, and this court has previously found that in the context of a reinstated removal order where an individual seeks to apply for protection under withholding or cat, that the, that reinstated removal order doesn't become final until the agency completes its process to make a determination in regards to the reasonable fear review. Okay. I think, I think I have that argument. I guess a moment ago you also said that the IJ failed to apply the factors for internal relocation. Yes, Your Honor. But those factors apply when you do a full withholding hearing, right, but here the IJ was conducting the reasonable fear screen, and it's only if the IJ thinks there is a reasonable fear that you then move into a full withholding proceeding where the factors would apply. Isn't that, isn't that how it would work? No, Your Honor, I would disagree. I would argue, Your Honor, that the asylum officer and the judge are bound by the regulations that defines issues such as reasonable fear and who is a refugee and how you get to that point, and the internal relocation analysis and the factors about how that comes to be are defined by regulation, Your Honor. The regulation itself specifically talks about burden shifting and internal relocation and the reasonableness analysis and what factors beyond factors related to fear and safety are relevant to reasonableness. And that's in 8 CFR Section 1208.16, D3, double small i, Your Honor. And we believe that those regulations are, that's where the, what the judge refers to, what all the notices to the applicant refer to when he is advised he's going to be put through the reasonable fear process. So we would argue that those regulations and the case law... Okay, can I ask you a question about the due process claims? So the Supreme Court in Thiraskigiam said that an alien doesn't have due process rights if they never affected an entrant in the United States, meaning if they were stopped at the threshold of entry and didn't enter the country, they don't get to avail themselves of protections of due process. If they have affected the entry, it's different. So since your client was stopped at the border, under that case, wouldn't he not have affected an entry? Well, Your Honor, we would argue that the respondent didn't come to a border of entry and that he was found within the United States and that as a person within the United States, regardless of his immigration status, he's entitled to due process. He's not... Okay, so your argument depends on... You don't dispute this principle, but you're saying he did affect an entry. I'm saying he did affect an entry and that he's a person physically present in the United States and entitled to due process under that basis, Your Honor. And at the very least, he's entitled to the procedural due process set out in the regulations. He's making an argument, Your Honor, that he wasn't afforded the minimal process that the regulations provide. Thank you. You've reserved three minutes of rebuttal. We'll hear from the appellee. Good morning. May it please the court and all uses for the government. The court should deny the petition for review. Petitioner, an illegal re-entrant, had a prior order of removal reinstated by DHS. As an individual subject to reinstatement, petitioner was not entitled to any forms of process that provides for the expeditious removal of illegal re-entrants. However, in line with the government's obligation of non-refinement, petitioner was referred to an asylum officer for reasonable fear interview after he expressed a fear of persecution if returned to India. After the interview, the asylum officer determined that the petitioner failed to establish a reasonable possibility of persecution or torture because he could internally relocate within India. At that time, the petitioner requested a review by an immigration judge, and at the conclusion of that review hearing, which the immigration judge took note of the evidence, verified the claim with the petitioner, the immigration judge concurred with the asylum officer's negative reasonable fear determination. Under either standard of review, whether it be facially legitimate and bona fide or the substantial evidence standard, petitioner failed to establish a reasonable possibility of persecution or torture. And the important context of this court's review of the immigration judge's decision is that the reasonable fear process is a gatekeeping screening process rather than adjudication. The reasonable fear process is intended, is about protection from harm rather than actually obtaining relief. This is the only, this was the only limitation Congress put on the executive in reinstating orders of removal because it recognized the importance of expeditious removal of illegal immigrants. The asylum officer and the immigration judge are merely screening the claim. Petitioner here attempts to conflate a reasonable fear review hearing with a removal proceeding. However, as this court has recognized, an illegal re-entrant is not entitled to a hearing under INA section 240. The recognition of that disparate treatment of illegal re-entrants and individuals in initial removal proceedings is demonstrated, for example, in part by the fact that an individual who establishes reasonable fear is only entitled to withholding only proceeding rather than a full removal proceeding under INA section 240. Accordingly, keeping in mind the nature of this gatekeeping proceeding, the court should apply a more restrictive and deferential standard of review and uphold immigration judge's determination. Moreover, the petitioner's argument for a right to counsel, there is no statutory, regulatory, or constitutional basis for a right to counsel in reasonable fear review. Petitioner is seeking the rights and process an individual in removal proceedings has. However, the reasonable fear gatekeeping screening process involving illegal re-entrant does not have the same rights attached. Nevertheless, even if the petitioner were to raise a due process claim under the Fifth Amendment, he cannot succeed because he was afforded more process than he was due in the regulation, and moreover, he failed to allege, let alone demonstrate, that he was prejudiced by the immigration judge's handling of the review proceeding. The immigration judge took petitioner's testimony, reviewed the evidence, permitted his counsel to participate, albeit not in the same manner as removal proceedings. Thus, even if petitioner's due process was impacted by the immigration judge, he cannot succeed because he failed to establish prejudice. Thus, in conclusion, because the petitioner... that there should be a more deferential standard of review because it's only a screening process. But if we have jurisdiction to review the decision of the IJ, which I'll ask you about in a minute, it's under 8 U.S.C. 1252, and 8 U.S.C. 1252 says review of factual issues shall be for substantial evidence, doesn't it? Well, I think the distinction here is that's referencing specifically the removal proceeding process under INA Section 240. This is simply a screening mechanism. This is not intended to be... This is not a situation where... Yes, so I understand. So then that goes to the question that I asked the petitioner's counsel, which is, we have jurisdiction to review final orders of removal. And I think you just acknowledged that this is not a proceeding that even results in a final order of removal because the final order of removal was reinstated months before this proceeding happened. So why do we have jurisdiction under 1252 to even review it? Well, I think, Your Honor, as my colleague indicated, that the order that's being reviewed by this court is the reinstatement order, which is subject to judicial review by this court. And it's the reasonable fear process is what, once that concludes, is what makes that reinstatement order final. I mean, so 1252 says the petition for review needs to be filed not later than 30 days after the date of the final order of removal. Now, you're saying that the reinstatement of the order of removal should be considered a new order of removal. I don't know if that's right. But even assuming that's right, the petition for review here was not filed within 30 days of the date of the reinstatement... Even the reinstatement of the final order of removal, was it? Well, I believe... You're telling me that the reinstatement wasn't actually final until the withholding determination was made. Is that right? Yeah. At the conclusion of the reasonable fear review process, once the IJ issued their decision concurring with the time officer, at that point in time, the IJ... But wasn't the order... I mean, in Nasrallah versus Barr, the Supreme Court told us that when there's a cap decision, it doesn't affect the validity of the final order of removal. It doesn't merge into the final order of removal. It's a separate thing. And I think you would agree that regardless of how the IJ decided the withholding question here, or the cap question, it would not affect the validity of the final order of removal that had been reinstated months earlier. Isn't that right? Well, I believe it wouldn't... Yes, right. It wouldn't impact the final order at that point. It's a matter of the question is whether or not the individual would be receiving further process, withholding only proceeding. And once the immigration judge concluded that they did not meet their burden in establishing that at the reasonable fear stage of things, at that point, the IJ sends the record back to the DHS to finalize the reinstatement order. And that's when the process is complete at that point. And then the petitioner can seek review of the reinstatement order. So you're telling me that actually the final order of removal was not reinstated on March 9th when the Attorney General purported to reinstate it. It was actually reinstated later after this screening process happens. Well, maybe I misspoke there. If that's true, you're telling me that the withholding screening was part of the final order of removal. So then we go back to what I said initially. So then if we're reviewing the final order of removal, then 1252 tells us that the standard of review is substantial evidence. So your argument about, well, this is a different kind of proceeding just wouldn't work. Well, Yaron, I think the context is that the reasonable fear process was intended to be implemented in order to prevent any individual being returned who is subject to reinstatement being returned if they establish a reasonable possibility of harm. View it in that context as opposed to related to a final order of removal, but more about the protection of an individual. And that was Congress's intent. If the petitioner were to go through that process and it's determined that they did not have a reasonable possibility, it's at that point that the reinstatement order becomes reviewable. That period of time provided for the reasonable fear determination was a recognition of that Congress's intent for the protection issue. And so it was given that time to address it. And then once it's complete... Is your position then that the withholding determination can be reviewed alongside the reinstatement? But if in this case the petitioner is not even challenging the reinstatement, then we're still not reviewing the final order of removal, even if that were considered to be a final order of removal. Isn't that right? Yes. The petitioner could have challenged the reinstatement order if they wanted to, but they declined to do so. And so that's not really an issue. It's more of the issue of the reasonable fear. And I think it is important to not classify it as a withholding issue. This is an issue of the application of a screening mechanism in addressing Congress's intent. Yes. I understand that. And so I think the important piece of that is when we're discussing the standard of review and referencing the substantial evidence, the government's position is that since this is a gatekeeping process, there should be an application of a deferential standard of review in this case. While substantial evidence is deferential, I think what we're arguing in the FACIA-legitimate and bona fide standard was to make the court aware of the fact that this is a process that is entitled to significant deference on the part of the court. Two other circuits have disagreed with two circuits thus far have disagreed with you on that point. And I'm having some difficulty just figuring out how the standard you're arguing for would apply because that essentially is a standard that seems to me has more purchase if you're talking about a wholly discretionary determination, you know, like whether a visa will be granted where you say, well, what does the judiciary have to say about that when the authority has been delegated to the executive? But this is a mandatory determination. So why the substantial evidence standard is what is generally applied in this context and I'm just not seeing that where I would find in the materials that you provided the basis for suddenly imposing this new standard if assuming we have jurisdiction at all. Well, Your Honor, I think as I was stating earlier to Judge Minocci's question is that what the government is pushing for is the fact that this is a process that determination should be owed substantial deference on the part of the court. If the court determines that level of deference can be acknowledged using the substantial evidence standard, I think the government would be okay with that. I think we're trying to put the court on awareness of the fact that this is a different process than that of a removal proceeding under which substantial evidence is typically utilized. And so a position is more about demonstrating that this gatekeeping process that the executive has a greater leeway and latitude and thus should have a greater deference to that process. So can I ask one other question just about the rights to counsel? I understand your arguments about why the petitioner doesn't have a statutory right to counsel, but there's not a lot of discussion of it, but there's a mention of it. So HCFR 1003.16 says an alien may be represented in proceedings before an immigration judge by an attorney or other representative of his or her choice in accordance with HCFR Part 1292 and no expense to the government. Why doesn't that provision provide a right to counsel? Because regardless of what this is, whether it's a removal proceeding or not, it is a proceeding before an immigration judge, isn't it? It is a hearing, Your Honor, and I think that that regulation applies specifically to a removal proceeding with all the attendant rights and benefits that come with that. But as this court has made clear that an individual who is a legal re-entrant is not afforded, a 240 removal proceeding is not available to them. And here the reasonable fear process was implemented through the regulation. And the regulation itself does not allow for a right to counsel. The petitioner's counsel said a moment ago that the petitioner had affected an entry and was therefore found in the United States and was not at the threshold. Do you agree with that? Yeah, we did not address that issue. And I do not believe that was an issue in terms of the agency's reinstatement of his removal order. So I don't believe I can say that it was wrong on that. It goes to his due process claim, right? So it isn't the question for him to be able to invoke the protections of due process. He has to be a person found in the United States as opposed to somebody who hasn't affected an entry. Isn't it presented for us in evaluating the due process claim? Yeah, that would impact that, Your Honor. I believe because of the fact that he entered the United States, that a reinstatement was the manner in which the government wanted to remove the individual. I believe at that point that he must have been present in the United States. Thank you. We'll hear from the appellate for rebuttal. Ms. Dubler? I apologize. My mute button was still on. See, an individual who ultimately is successful in a claim for withholding or cap protection still has a removal order that they are under. So when an individual is in a reinstatement and a reasonable fear process, even if they are ultimately successful in their case, they will always have a removal order that the government may be able to execute as to some other country where the individual is not in danger. So we would argue that the issue about reinstatement of removal and what the process is, the process is by regulation. The removal order doesn't become final until all of that process is complete, even if the reinstatement process was completed earlier in the proceeding.  Even months earlier? So the statute 1252 says that the petition for review needs to be filed within 30 days. But you did not file the petition for review within 30 days of the reinstatement of the removal order, right? That's correct, because there is precedent in this circuit indicating that would be premature until after the subsequent administrative process is complete to make the reasonable fear or if they are entitled to a full hearing, the full hearing procedure is complete. I think I have that argument. I just would like to hear your response to something that the government said, which is that the petitioner wasn't denied a right to counsel because even though the IJ said that there wasn't a right to counsel, the IJ nevertheless allowed the petitioner's counsel to participate in the hearing. And the counsel did make objections, present arguments, submit a brief. So to what extent was he denied a right to counsel, assuming that he had one? Your Honor, we would argue that Mr. Patel was advised that he was ordered to appear in court, that's what the notice says, that he appeared in court and was not able to have an attorney represent him for basic things like identifying exhibits, but then also was not able to have his attorney ask him questions relevant to the determination about whether internal relocation was possible or not. Did his attorney ask to ask questions to him? Yes, the judge advised that the attorney would only be in an advisory role and would not be allowed to ask questions. The judge actually indicated that she didn't intend to develop the record and intended to conduct it only more in the nature of an appellate review, but then she did ask him questions and did consider... Right, I understand that the IJ did say that, but then the IJ in fact did admit other evidence, and so it doesn't seem like that actually determined the proceeding, that statement. She would not allow counsel to ask him any questions. Right, but was there a point in the proceeding, is my question, when counsel asked to ask him questions and the IJ denied that request? Because there were other things where she made an argument and submitted a brief and so on that were allowed. At the very beginning, the IJ advised counsel that her position would only be in an advisory role. She would only hear objections and hear legal arguments. It would not allow the attorney to question the respondent. Okay, thank you. Thank you, if there are no further questions, we will take the matter under advisement. Thank you both for your arguments this morning.